# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CAROL HAINES, ) | CASE NO. 5:22-cv-1161 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| DEFENDANT. ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Jonathan D. Greenberg (Doc. No. 11) with respect to plaintiff Carol Haines' ("Haines" or "plaintiff") complaint for judicial review of defendant Commissioner of Social Security Administration's ("Commissioner" or "defendant") determination regarding Haines' application for a period of disability ("POD") and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381, *et seq*. The Commissioner filed a single objection to the R&R. (Doc. No. 12.) Haines filed a response to the objection. (Doc. No. 13.) Upon *de novo* review and for the reasons set forth below, the Court hereby overrules the Commissioner's objection and accepts the R&R.

I. **BACKGROUND**

Haines filed an application for POD and DIB on November 14, 2017, alleging a disability onset date of January 15, 2013. (Doc. No. 5, Transcript, at 92–93, 126.[1]) Haines' claim was denied initially and on reconsideration. She requested a hearing by an Administrative Law Judge ("ALJ") who, on October 3, 2019, issued a decision finding Haines not disabled. (*Id*. at 126–34.) On November 18, 2020, the Appeals Council vacated the hearing decision and remanded the case to the ALJ for resolution of several issues. (*Id*. at 143–45.) On March 10, 2021, after holding another hearing, an ALJ issued a written decision finding Haines not disabled. (*Id*. at 15–25.)[2] The ALJ's decision became final on April 27, 2022, when the Appeals Council declined further review. (*Id*. at 1–6.)

On June 30, 2022, Haines timely filed her complaint seeking judicial review of the decision of the Commissioner. (Doc. No. 1.) On February 16, 2023, the magistrate judge issued his R&R recommending that the Commissioner's decision be vacated and remanded for further proceedings. (Doc. No. 11.)

The matter is now before the Court on the Commissioner's objection and Haines' response to the objection. (Doc. Nos. 12 and 13, respectively.)

II. **DISCUSSION**

A. **Standard of Review**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made.

---

[1] Page number references to the administrative transcript are to the bates numbers applied to the lower right-hand corner of each page. All other page number references herein are to the consecutive page numbers applied to individual documents by the electronic filing system, a citation practice recently adopted by this Court.

[2] The first decision was issued by ALJ Thomas A. Ciccolini; the second was issued by ALJ Michael F. Schmitz.

2

Judicial review of the Commissioner's decision, however, is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If there is substantial evidence to support the Commissioner's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [agency] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citations omitted).

**B.    Analysis**

In her brief before the magistrate judge, Haines had raised a single issue: "Whether the ALJ's decision is supported by substantial evidence in the absence of any explanation of whether [p]laintiff's fibromyalgia and the resulting symptoms and functional limitations therefrom meet or

3

equal the listings." (Doc. No. 7, Plaintiff's Brief on the Merits, at 15.)[3] Haines had argued that, because fibromyalgia was included as a "severe physical impairment" at Step Two, "the ALJ was required to determine whether [her] fibromyalgia medically equaled a listing, such as Listing 14.09D for inflammatory arthritis, or whether it combines with at least one other medically determinable impairment to medically equal a listing." (*Id.* at 18 (citing, *inter alia*, SSR 12-2p).)

The magistrate judge essentially agreed. Underlying the recommendation now before the Court is the determination that, "[n]owhere in the Step Three analysis did the ALJ mention Haines' fibromyalgia and discuss whether it medically equaled a listing or combined with at least one other medically determinable impairment to medically equal a listing." (Doc. No. 11, at 22.)[4] The R&R concludes that "such circumstances warrant remand[.]" (*Id.* at 23.)

The Commissioner filed an objection to the R&R, arguing: "The R&R rests on one assumption: that a claimant need not raise a specific listing to an ALJ to preserve the issue. This assumption is incorrect." (Doc. No. 12, at 1 (citing cases).) The Commissioner argues that, although "it is true that there is generally no issue exhaustion requirement[,] . . . there are exceptions, and . . . [l]istings is one exception." (*Id.* at 2.) In fact, the Commissioner asserts that "the Sixth Circuit has repeatedly and consistently held that [l]istings are 'issues particularly within the agencies' expertise' and are therefore forfeited if not raised to the ALJ." (*Id.* at 3 (citing cases).)

---

[3] The phrase "the listings" refers to the Listing of Impairments located in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

[4] The ALJ follows a five-step process wherein a claimant bears the burden of demonstrating: (1) that she did not engage in substantial gainful activity since filing her claim; (2) that she had a severe impairment or combination of impairments; (3) those impairments met or medically equaled the impairments enumerated in Social Security regulations; or (4) those impairments prevented her from performing her past relevant work. *See, e.g.*, *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); 20 C.F.R. § 416.920(b)–(f). At step five, the burden shifts to the Commissioner to prove the existence of "a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

4

Relying on this "issue exhaustion" requirement, the Commissioner's sole objection to the R&R is that Haines never raised *any* listing before the ALJ, much less Listing 14.09D (inflammatory arthritis), and such failure "forfeited the argument." (*Id*. at 1 (citing cases).[5]) The Commissioner claims that "getting rid of forfeiture would encourage claimants *not to* raise [l]istings before an ALJ so they could get another bite at the apple if the ALJ denies benefits." (*Id*. at 4 (emphasis in original).) Notably, the Commissioner's objection relies entirely upon the forfeiture argument and it makes no alternative argument that, in any event, reading the ALJ's determination in light of the record as a whole, there is substantial evidence to support the determination.[6]

The Court rejects the Commissioner's objection and it does so without "getting rid of forfeiture."

In general, when a particular impairment is listed, "the ALJ must look at the listing and determine whether the claimant satisfies all of the criteria to 'meet' the listing." *Langford v. Comm'r of Soc. Sec. Admin.*, No. 1:22-cv-665, 2023 WL 3058160, at *10–11 (N.D. Ohio Apr. 24, 2023) (citations omitted). But fibromyalgia "cannot meet a listing . . . because [it] is not a listed impairment." SSR 12-2p, 2012 WL 3104869, at *10. As a result, Haines cannot be expected to have raised a non-existent listing.

Even so, it is evident from the hearing transcript that the ALJ was made aware of Haines' fibromyalgia. In her attorney's opening statement at the hearing on February 24, 2021,

---

[5] The Commissioner's objection brief is devoted to arguing that none of the cases relied upon by the R&R involved the issue of forfeiture.

[6] In the Commissioner's brief on the merits before the magistrate judge, the argument was made that Haines had failed to meet her burden of proof by pointing to specific record evidence to prove that "[her] condition was so severe as to medically equal a listed impairment." (Doc. No. 9, Defendant's Brief on the Merits, at 11.) No such argument is included in the objection now before the Court.

5

fibromyalgia was identified among Haines' "severe impairments." (Doc. No. 5, at 71.) When the ALJ questioned Haines generally about what prevented her from working in the 2013 to early 2015 time frame, Haines responded that it was "[m]ainly the pain" and that "[w]ith the fibromyalgia, I have pain throughout my body." (*Id.* at 77.) Later in the hearing, her attorney inquired of Haines as to what she was "doing to try to help with the fibromyalgia[.]" (*Id.* at 79.) She responded that she was "having trigger point injections, therapy[,] . . . [and] tried multiple medications[.]" (*Id.*) This is not like the situation in some cases where error was not found because fibromyalgia, let alone a specific listing, was not brought to the ALJ's attention. *See, e.g.*, *Briere v. Kijakazi*, No. 1:21-cv-2323, 2023 WL 2972944, at *7 (N.D. Ohio Feb. 24, 2023) (citing *McGeever v. Comm'r of Soc. Sec.*, No. 1:18-cv-477, 2019 WL 1428208, at *7 (N.D. Ohio Mar. 29, 2019) (cited in Doc. No. 12, at 2 as authority for forfeiture)).

Here, as noted by Haines, the ALJ in fact determined at Step Two that she had the severe impairment of fibromyalgia. Given that determination, SSR 12-2p placed a duty on the ALJ[7] to "determine whether [fibromyalgia] medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment." SSR 12-2p, 2012 WL 3104869, at *6. Under SSR 12-2p, the ALJ should consider

> whether "objective medical evidence . . . substantiate[s] the person's statements about the intensity, persistence, and functionally limiting effects of symptoms[]" [and], [i]f not . . . to consider "all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms."

---

[7] Although SSRs do not have the same force as statutes or regulations, "[t]hey are binding on all components of the Social Security Administration[] . . . [and] represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1).

*Turner v. Comm'r of Soc. Sec.*, No. 1:22-cv-877, 2023 WL 2988105, at \*19 (N.D. Ohio Feb. 28, 2023) (report and recommendation) (quoting SSR 12-2p).

As noted *supra*, the R&R correctly points out that "[n]owhere in the Step Three analysis did the ALJ mention Haines' fibromyalgia and discuss whether it medically equaled a listing or combined with at least one other medically determinable impairment to medically equal a listing." (Doc. No. 11, at 22.) To conclude, as argued by the Commissioner, that the Step Three analysis was sufficient because the ALJ stated in boilerplate fashion that Haines "did not have an impairment or combination of impairments that met or medically equaled" a listing (Doc. No. 5, at 18), would require the Court to ignore SSR 12-2p. As in *Kado v. Colvin*, No. 1:15-cv-2044, 2016 WL 6067779 (N.D. Ohio Oct. 17, 2016),

> [s]ince the ALJ determined [at Step Two that plaintiff's] fibromyalgia was severe as supported by credible evidence, the Court is unwilling to conclusively find that [plaintiff's] fibromyalgia does not equal a listing at Step Three, as the ALJ concluded without meaningful explanation. Even though [plaintiff] does not specify which listed impairment her fibromyalgia is equal to, since the ALJ determined [plaintiff's] fibromyalgia is severe, there may be a "substantial question" as to whether [plaintiff's] fibromyalgia equals an impairment, and therefore, the Court declines to make findings best left to the expertise of the ALJ.

*Id*. at \*9.

Moreover, Haines cannot be found to have *forfeited* her right to have her fibromyalgia properly considered at Step Three under SSR 12-2p—as the Commissioner argues in the objection—simply because her attorney may not have explicitly raised Listing 14.09D during the hearing before the ALJ. Notably, the Court sees no explicit reference to *any* listing by *anyone* during the hearing, yet the ALJ's final determination does address several specific listings at Step Three (just *not* Listing 14.09D). (*See* Doc. No. 5, at 18 ("No treating or examining physician has indicated findings that would satisfy the severity requirements of any listed impairment. . . . I

7

considered all relevant listings in reaching this finding, with specific emphasis on listings 1.02, 1.04, 2.10, and 12.11.").)

That said, at the same hearing, under questioning by her attorney Haines testified about her fibromyalgia and its impact on her daily life and on her ability to work and about her medical efforts to deal with it effectively. Even if there had been a forfeiture due to the attorney's failure to mention a specific listing during the hearing, the Sixth Circuit has made clear that "forfeited issues may in certain circumstances be considered on appeal." *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556, 61 S. Ct. 719, 85 L. Ed. 1037 (1941) ("'Ordinarily an appellate court does not give consideration to issues not raised below.' . . . This rule is not absolute, however, and it is within the ambit of our discretion to entertain questions not raised below.."))); *see also Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) (recognizing that, although "generally arguments not raised are abandoned[,] . . . this rule is prudential and not jurisdictional, and the requirement for specific objections may be excused in the interest of justice" (internal citation and quotation marks omitted)). In addition, a claimant is entitled to expect the ALJ to properly apply relevant Social Security rulings (such as SSR 12-2p) when reaching a determination as to disability.[8] As noted in *Reynolds*, *supra*, by failing to analyze the claimant's condition in relation to the listings, the ALJ "skipped an entire step of the necessary analysis." 424 F. App'x at 416.

---

[8] To be clear, it is not the ALJ's failure to *mention* SSR 12-2p that constitutes error; it is the failure to *conduct the analysis* required by the ruling. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006) ("Because the ALJ conducted the analysis required by the Ruling, his failure to mention it by name is not fatal to the decision.").

The ALJ *did* devote one paragraph in his ruling to discussing Haines' pain in connection with her fibromyalgia, but that was in the context of determining her residual functional capacity ("RFC"), a determination that must be made just before Step Four of the five-step process. (*See* Doc. No. 5, at 20–21.) But, if Haines' fibromyalgia alone or in combination with any other impairment(s) medically equals a listing, the ALJ would not have even gotten to the RFC determination—Haines would have been found disabled at Step Three, without more. *Reynolds*, 424 F. App'x at 416 (finding the failure to address the listings "not harmless" because "if a person is found to meet a Listed Impairment, they are disabled . . . and are entitled to benefits[,] [with] no more analysis . . . necessary").Therefore, the ALJ's single paragraph within the RFC discussion cannot substitute for the more thorough analysis required at Step Three under SSR 12-2p, which arguably could have led to a disability determination that would have entirely precluded any further analysis.

Quite simply, absent the appropriate analysis at Step Three with respect to whether Haines' fibromyalgia (alone or in combination with other impairments) was medically equal to a listing, the ALJ's decision fails to satisfy the requirements of SSR 12-2p and, as a result, "do[es] not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (further citation omitted)).

### III. CONCLUSION

For the reasons discussed above, the Commissioner's objection is overruled and the R&R is accepted. Because the Commissioner's decision was not supported by substantial evidence, it is vacated and this case is remanded for proper consideration of Haines' fibromyalgia at Step Three of the five-step analysis. Although the Court is unable to conclude that the ALJ's failure in this regard was harmless error for purposes of the instant review, it takes no position on what the ultimate disposition should be upon remand.

**IT IS SO ORDERED**.

Dated: June 14, 2023

                                                            **HONORABLE SARA LIOI**
                                                            **UNITED STATES DISTRICT COURT**
                                                            **CHIEF JUDGE**